The last case for argument today is case number 23-1091 from the Northern District of Iowa, United States v. Corey Cullar. Thank you, Court. Mr. Frese. Good morning. My name is Chad Frese. I'm an attorney from Marshalltown, Iowa. Here today on behalf of my client, Corey Lamar Culler Sr., Mr. Culler appeals the sentences of these sentences imposed in his case from the Honorable C.J. Williams in the Northern District of Iowa that was entered in January of 2023 following his conviction for maintaining a drug-involved premises in violation of 21 U.S.C. 856 A.1. Mr. Culler's case, as the Court has probably realized, had a lot of moving parts when it came to sentencing. The plea agreement in this case followed a lot of plea discussions. The record shows, I believe, Mr. Edwards and I went back and forth several times trying to get... Would it help if you speak up a little or move the mic? How's that? Good. Thank you. Mr. Edwards and I went back and forth numerous, numerous times to get a plea resolution in this case, which turned out to be a very basic plea agreement between the government and myself and Mr. Culler, which resulted in a four-day sentencing, which was essentially a trial over almost all relevant conduct involving sentencing enhancements, drug quantity, firearms enhancements, use of a minor, things of that nature, and career offender. And then ultimately what the appropriate sentence should be under 3553A, which is what kind of focused my argument today. All those moving parts and the enhancements kind of meld together, but where this kind of comes down to is what I think is the appropriate sentence in an unreasonable sentence handed down by Judge Williams and some unreasonable factors, I think, that Judge Williams relied upon. Judge Williams, when he sentenced Mr. Culler in this case, he did something that in my years of practice and in years of defending a gentleman like Mr. Culler, we've always been told and we always hear about the sentencing statute, 3553A, and all the factors we look at and the balancing test the court must do to find the appropriate sentence. And that sentence is always a moving target. We try to do our best. It's a social science. But what Judge Williams did here, which I was somewhat taken aback at, is that he almost started from the jump at not considering a 3553A factor at all, but what he said, and my quote here is that he had to ask himself, what kind of sentencing, what kind of offense conduct did Congress contemplate that would justify a 20-year sentence? So he started off by asking himself, what would Congress want him to do? And you juxtapose that with the sentencing statute under 3553A, that's not a sentencing factor that the court should look at. It has nothing to do with the characteristics of the offense, has nothing to do with the characteristics of the defendant, and certainly post-Booker and Gaul and the progeny. Well, it has to do with the reliance the court gives in its discretion on the guidelines. It does, but it's not looking at the guidelines. It's looking at the statute itself. And when you look at Booker But he ended up here, didn't he, with a within-the-guidelines sentence? He did. He did. So doesn't the district court get the presumption that we usually apply on a substantive reasonableness analysis? I agree with that. You just think that this is the really unusual case? I do, because I think the court gets a presumption that a guideline sentence is, of course, reasonable. That's settled. There's no argument for me there. However, you still have to do the analysis under 3553A and look at those factors. And I think when you look at when the court gives significant weight to an inappropriate, improper or irrelevant factor, I think that's your case law, then that kind of rebuts that presumption, that if you're looking at something that's outside those very delineated factors under 3553A, then But they're not very limited. I'm sorry? They're not very limited. But they're delineated there. And this is what we look at when we fashion a sentence, to come up with a sentence that's reasonable but not greater than necessary to accomplish the goals of sentencing, which are the rehabilitation of the defendant and the protection of the community. And nowhere there, and there's no case law out there that I could find, that says we look to what Congress wants us to do on the maximum end. And if you juxtapose that with when Congress gives us a mandatory minimum sentence, judges on the district court all the time are looking for reasons, through safety valve or 5K motions or whatever, to exercise their discretion to go below that. So if your only argument that we agree with is that one, what's the remedy? Resentencing. Which is what? A new judge because this one doesn't understand 3553A or what? No, I don't think it's a new judge because he doesn't understand 3553A. You don't think that? I mean, that would take about two sentences for the court to correct, to explain what it meant. I assume there was no objection to that articulation. I'd have to go back and check. I can't recall. I did make a lot of general comments about what the court sentence should be. Yeah. But this one, as you know from my opinions, I would say we don't even do plain error review. If you don't call a judge's attention to something you think is misstated sentencing law, it's gone. Sure. I'm in the minority on that. No, I understand. But it is still plain error review. Correct. I guess, you know, I'm not going to say that it's a two-sentence correction. I'm saying that on this particular day, under these particular facts, with this particular set of facts, under a situation that this was a unique case, there was a, I mean, the case was premised upon an investigation based upon Facebook messages and internet searches So in a remand, we wouldn't be ordering the district court to conduct a new four-day hearing. We'd just be asking the district or telling the district court to not consider Congress this time and redo it? I think it would have to be a brand new sentencing because I don't know how much that factored in to Judge Williams' decision. I don't think you can just pull that out and say, okay, now do it again. I think that it has to be sent back for resentencing in front of a different judge. Well, you are asking for a different judge, though. Yes. I think it has to be. And Judge Williams made- And your best case for that? Pardon me? Best case for a new judge? Well, I think- I think that's extraordinary. Well, I think that Judge Williams here, when he uses a factor that's clearly outside the court's language in their cases, when you give significant weight to an improper or irrelevant factor- That doesn't get you a new judge. There's not much that a circuit court can do that's more insulting to a district court than to kick them off the case. So I'm asking you for a direct citation that supports in this situation. Your first answer was you weren't asking for a new judge. Then you just threw this out, and I don't like that. You've got to have a case on point for this kind of mistake. Okay. And with respect, I don't have one off the top of my head. I think that's not something you just throw around. Very well. But I just don't know how- Let me go back and unring the bell. I do think he's entitled to a new evidentiary sentencing. I do think that. I don't think it is- I don't know how you can come back and say, now I'm not thinking about Congress, if you understand. I should take that out and say, okay, now I'm not thinking about Congress. I'm going to give you the same sentence. I just don't know how you unring the bell. So we had a career offender guideline here. Is that correct? Yes. Did you challenge the career offender designation below or on appeal? We did tepidly. He is a career offender, but one of his predicate convictions is on collateral challenge in the district court in Linn County, Iowa, because of a change in Iowa law. And then his conviction here, we did challenge under Baker. So he's got a 32 base offense level, as I understand, and you're not challenging that on the basis of a career offender. So basically the case, as you presented here today, comes down to substantive reasonableness? Correct. Okay. Counsel, was that- is the argument that you've made this morning about siding the district judge's reference to contemplating what Congress envisioned, is that briefed? I have to go back and reference my brief. It- I think it's covered in just the substantive reasonableness portion of the brief. I think it's just- But do you call the court's attention to that? I can't say. Consideration of that factor, which you think is improper? Without referencing right now, I can't say. And I see my time is up. I can't find it in the brief. That's why I'm asking. Okay. I see my time is up. So, unless there's any further questions. Thank you. Mr. Edwards? May it please the court. My name is Dylan Edwards on behalf of the United States, the appellee in this case. I will start where opposing counsel addressed in his argument the substantive reasonableness of the sentence, and specifically the district court's mention of Congress, and to answer Judge Shepard's question as to whether this was briefed in the defendant's appeal brief. It wasn't. Defendant never drew the court in its brief to the district court's statements about Congress. Do you think there was an argument about substantive reasonableness more generally? Yes. The argument to substantive reasonableness more generally is not specific to this improper factor that's alleged here today. And I think this mention of Congress deserves some context in terms of what the district court specifically said. The district court, in mentioning Congress, was specifically addressing the statutory maximum. Is this the type of case that Congress considered when determining the statutory maximum for determining, or sorry, for maintaining a drug premises? And so it wasn't a factor that the court considered in terms of fashioning the sentence. It was really its own check on terms of, is this a reasonable sentence? Is the statutory maximum penalty in this case reasonable? And the court ultimately determined that it was. In terms of fashioning its within-the-guideline-range sentence of 240 months. On page 15 of the defendant's brief, it really calls the same question, or sorry, that same statement. Well, it was only within range because it was, the range was all above it. Respectfully, Your Honor, the range without the statutory maximum was 210 months to 262 months. I thought it was 292 to 365 as a career offender. I don't have it flipped to believe it would be. Are we showing 210 to 240? Well, because the stat max is 240. And so that takes the 262 down to 240. I'm trying to find just very quickly where it is in the brief. That I got, that I got from the. This is page 16 of the government's brief. The court found a total offense level of 32, criminal history category 6. Which resulted in a guideline range of 210 to 262. However. So the PSR must have been 292. That's correct. The PSR was 292. And where the judge differed with the government or the PSR was on drug quantity. If the government, or if the court would have sided with the government on drug quantity, then it wouldn't have been the career offender guideline that would have controlled. It would have been the enhancements under 2D and the rule under Chapter 3. And when looking at the factors of this case, this was a substantively reasonable sentence. Mr. Kohler had just been released from federal prison. When he rented a series of residences for the purpose of distributing drugs. And allowing others to distribute drugs out of these residences. As a testimony in the district court established. These residences attracted constant foot traffic. Violence, firearms, and minors engaging in controlled substances. The defendant also possessed various firearms. And provided those firearms to others. He supervised the drug related activities of several others. Including two of his own minor children. And he had an egregious criminal history. He had previously shot someone three times during a burglary. Had a prior drug conviction. And a prior federal conviction. Related to him being released from federal prison. And the facts of that where he possessed a firearm as a felon. Where he possessed a stolen firearm during a confrontation about money with two other people. And as the testimony in the district court also established. He helped facilitate underage prostitution. And so taking that a whole. And what the factors the district court did consider. In terms of the egregiousness of the offense. The history and characteristics of the defendant. The within the range sentence of 240 months here. Is appropriate. And it is reasonable. Switching gears just quickly. Judge Grubbs you asked opposing counsels. If you don't challenge the queer offender is really the only argument here. With regard to substantive reasonable sentence. I think that there's one other issue that the court may need to address. That challenges acceptance of responsibility. Because that still applies given the queer offender guideline range. And if the court would have allowed for acceptance of responsibility. Or granted that reduction. The 240 month sentence would have been above the guideline range. But for two reasons. The defendant did not accept responsibility. The first one was because he obstructed justice by leaking discovery notes. The outed statements. It's Roby credibility that's most significant here isn't it? On the obstruction of justice? Yeah. Well really what's most significant is the stipulation that the parties entered into. The defendant stipulated that the leaked notes were prepared by his attorney. That the leaked notes contained discovery information related to a cooperating statement. Mr. Washington Roby's statements. That defense counsel sent those notes to the defendant while he was in jail. And only to the defendant. And then at some later time in March. I believe of 22. Those notes were not in the defendant's possession. And as Task Force Officer O'Brien testified. They were posted on Facebook. And so really it goes to the stipulation. And what occurred in this case. In terms of the leaking of these discovery materials. The defendant's only purpose of releasing these materials would be to engage in witness intimidation. And even if the court were to find the other way on the obstruction of justice. Meaning this isn't an extraordinary case where you obstruct justice and you get acceptance of responsibility. Under those factors the defendant obstructed justice after pleading guilty. And had not admitted or recanted his conduct. But independently of that. An alternative basis for denying acceptance of responsibility. Was the court found that the defendant falsely denied offense conduct. Which the defendant does not challenge on appeal. And so for three reasons. The court should uphold the defendant's sentence. The defendant was a queer offender. And the queer offender guidelines are what guided the guideline range. The defendant did not accept responsibility. And the sentence here was substantively reasonable. So unless the court has any other questions. Well I didn't understand the argument. The three page argument in the brief with no citations. About an alternative ground as he utilized minors. And obstructed justice. On the 2D1.1B16. Which I thought is the obstruction issue. Yes. Why is that an alternative. I don't understand the argument. You quote the thing and it makes no sense to me. And there's no citation. And I didn't run out and do a lot of independent research. It just straightened me out. So in terms of the enhancement or 2D1.1B16. The government argues there's two independent bases for applying that. One would be the obstruction of justice conduct. And independent of that would be the defendant's use of minors. That's 2D1.1B16B. Defendant challenged. I don't see it in the text of your brief. Okay. Somebody didn't look at the brief and say, wait a minute. This makes no sense. Well, that argument is addressed on page 62. I'm talking 53 to 55. Yes. So on page 54. The defendant argues that the government didn't prove that it was intent to intimidate a witness. And I guess the brief is admittedly short on that in terms of that the information. It was worse than that. It leaped out at me. I don't get it. In terms of the government's argument as to how he obstructed justice. Those three pages make no sense to me. As an alternative. I mean, you're talking about something completely different. Utilizing minors sometime in the offense. And, oh, this is an alternative ground of the obstruction. Understood. With no citation and with a partial quote from the guideline that doesn't support what's being said. Understood. And that's my error. The reason why that was short was just because it wasn't raised. And so the government was just providing the court an independent basis when looking at the district court's decision. As to impose that enhancement, even if it were to disagree with the government on the obstruction. I see my time is running out. Thank you. I'll give you a minute if you'd like. I think, well. I'll give you a minute. Oh, there it is. I'm giving you a minute for rebuttal. Okay. I think it was. It is thoroughly briefed and I think we understand the issues and. There are a number of them and we'll take it under advisement and. Take care of them. Does that complete the morning's argument? Yes, it does, your honor.